IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| KRISTINIA BERRY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-13-1189-F |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

## I. Procedural Background

Plaintiff's applications for benefits were denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 17-28). The Appeals Council denied Plaintiff's request for review, thus the ALJ's decision became the final decision of the Commissioner. This judicial appeal followed.

## II. The Administrative Decision

The Commissioner followed the sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R § 404.1520; 20 C.F.R. § 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since August 24, 2010, the alleged disability onset date. The ALJ's step-two analysis found Plaintiff to have the following impairments: back disorders and anxiety related disorders. At step three, the ALJ determined Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 19-20).

At step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally stoop; avoid concentrated exposure to extreme cold and vibration; can perform simple and some complex tasks; can relate to others on a superficial work basis; and can adapt to a work situation.

(TR. 21). The ALJ found Plaintiff could not perform her past relevant work as office manager, assistant manager, retail clerk and bookkeeper. (TR. 26).

At step five, the ALJ relied on Rule 202.21 of the Medical Vocational Rules (Grids) as a framework for determining the existence of other work Plaintiff could do. (TR. 26-27). The ALJ found that Plaintiff's medical/vocational characteristics matched the criteria of Rule 202.21, thus the ALJ determined there are jobs that exist in significant numbers

in the national economy that Plaintiff can perform. (TR. 26- 27). Accordingly, Plaintiff was found to be not disabled from the alleged onset date, through the date of the ALJ's decision. (TR. 27).

### III. Issues Presented

Plaintiff contends the ALJs decision is not supported by substantial evidence. Plaintiff challenges the ALJ's RFC determination, his use of the Grids at step five, his failure to call a vocational expert (VE), his analysis of physicians' opinions, and his credibility determination.

### IV. Standard of Review

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### V. Analysis

Plaintiff argues that the ALJ erred in his analysis of the opinions of Plaintiff's treating physician, William Valuck, D.O. (ECF No. 14:18-21).

The ALJ gave "little weight" to the June 2011 and June 2012 functional capacity questionnaires completed by Dr. Valuck who opined that Plaintiff could walk or stand for 0-2 hours in an 8-hour workday; sit 0-2 hours in an 8-hour day; rarely lift less than 10 pounds; occasionally grasp; rarely handle, never stoop or crouch; frequently experience

pain severe enough to interfere with attention and concentration needed to perform even simple work tasks; and that she would miss more than 4 days per month because of her pain. Dr. Valuck also observed that she cannot "seek gainful employment based on multiple physical impairments. I do not find this lady can work lifting or standing" (TR. 264, 26).

When presented with opinions of a treating physician, the ALJ must "give good reasons" in his decision for the weight assigned to the opinion. 20 C.F.R. § 404.1527(d)(2) *see also* SSR 96-2p; *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003). The decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for "controlling weight." An ALJ should keep in mind that "it is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p; 20 C.F.R. § 404.1527(d)(2).

The Tenth Circuit described the required analysis of a treating physician's opinion in *Watkins v. Barnhart*, 350 F. 3d 1297, 1300-1301, (10th Cir. 2003):

> The analysis is sequential. An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted). If the answer to this question is "no," then the inquiry at this

4

stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. *Id.* In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. *Id.* The agency ruling contemplates that the ALJ will make a finding as to whether a treating source opinion is entitled to controlling weight.

The Court in *Watkins* further reasoned that

> Resolving the controlling weight issue does not end our review. In completing the analysis: adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.

*Watkins* at 1300; SSR 96-2p.

If an ALJ determines that a treating physician's opinion is not entitled to controlling weight then in order to disregard or give "slight weight" to that treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area

> upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

In his decision, the ALJ offered little in the way of analysis of the opinions of Dr. Valuck. The ALJ offers only that

> The claimant reported that she can prepare microwave meals, dust a little, goes outside to get the mail, shops by computer, and can follow written and spoken instructions (Exhibit 5E). The claimant's reported abilities exceed those provided by Dr. Valuck. Further, opinions as to the ultimate issues as to employment as disability are reserved to the Commissioner. . . Opinions from any medical source about issues reserved to the Commissioner must never be ignored. In a case such as this, which contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all of the evidence of record to determine the extent to which the opinion is supported by the record. The Administrative Law Judge gives greater weight to the opinions of the DDS physicians and Dr. Danaher.

(TR. 25-26). The ALJ's analysis is scant, thus defying meaningful judicial review.

The ALJ failed to engage in the required analysis. On remand, the ALJ should make clear the specific legitimate reasons he has for giving little weight to the opinions of Plaintiff's treating physician, Dr. Valuck. In doing so the ALJ should provide more to support his reasoning than Plaintiff's daily activities and the arguably stale medical evidence from non-examining agency physicians (See ECF No. 14:18-19).

As to the balance of Plaintiff's contentions, given that remand is recommended, and the ALJ's error has corrupted steps four and five of the sequential evaluation process, they will not be discussed.

6

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **March 9, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on February 23, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE